**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.) No. 22-0320** (Jefferson County 2005-F-55)

**Aaron Franklin Edwards,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

The petitioner, Aaron Franklin Edwards, appeals the orders entered by the Circuit Court of Jefferson County on March 23, 2022, and April 11, 2022, that evaluate and set forth the terms and conditions of supervised release for his first-degree sexual assault conviction.[1] Petitioner Edwards contends that the circuit court erred by adding "new and additional" requirements to his supervised release sixteen years after his sentencing, that these terms violate his plea agreement and his constitutional rights against double jeopardy and ex post facto sentencing, and that a provision regarding computer use is overbroad and unrelated to his crimes. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In April 2005, the petitioner and his codefendant stopped a seventy-year-old woman while she was driving alone at night. At gunpoint, they hijacked the woman's vehicle, kidnapped her, robbed her, and each sexually assaulted her before eventually releasing her hours later. The petitioner was indicted for two counts of first-degree robbery, one count of kidnapping, one count of first-degree sexual assault, one count of first-degree sexual abuse, one count of attempted first-degree sexual assault, four counts of conspiracy, one count of giving false information to a member of the West Virginia State Police, one count of burglary, one count of petit larceny, and one count of destruction of property for events leading up to and including the kidnapping and sexual assault of the victim. The petitioner was indicted for two counts of first-degree robbery, one count of kidnapping, one count of first-degree sexual assault, one count of first-degree sexual abuse, one count of attempted first-degree sexual assault, four counts of conspiracy, one count of giving false information to a member of the West Virginia State Police, one count of burglary, one count of petit larceny, and one count of destruction of property for events leading up to and including the kidnapping and sexual assault of the victim. The parties negotiated a plea agreement, and the circuit court set a plea hearing.

During the January 5, 2006, plea hearing, the parties placed their agreement upon the record. The petitioner agreed to plead guilty to kidnapping and receive a binding sentence of thirty-five years of imprisonment, and to plead guilty to first-degree sexual assault and receive a binding

---

[1] The petitioner is represented by counsel Robert E. Barrat, and the State appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper. The petitioner's counsel filed his brief pursuant to Rule 10(c)(10)(b) of the Rules of Appellate Procedure. The petitioner was also permitted to personally file a brief.

sentence of not less than fifteen nor more than thirty-five years of imprisonment. Both sentences would run concurrently. The petitioner agreed that he would be designated a sexual predator for lifetime sexual offender registration purposes, and that upon his release from imprisonment he would be placed on forty years of supervised release pursuant to West Virginia Code § 62-12-26 (2003).[2] The petitioner further agreed to cooperate with law enforcement and truthfully testify at trial against his codefendant and pay restitution and court costs. In return, the State agreed to dismiss all remaining counts of the indictment. After the circuit court's colloquy, the State set forth the factual foundation for the guilty pleas, and the petitioner pled guilty and executed written guilty pleas. The circuit court found the petitioner's pleas were freely, intelligently, knowingly, and voluntarily made. A pre-sentence report and victim impact statement were ordered, and a sentencing hearing was scheduled.

At the February 27, 2006, sentencing hearing, the circuit court asked petitioner whether he understood he would be subject to a forty-year supervision period, and the petitioner acknowledged that he understood. The circuit court announced more than once at the sentencing hearing that the supervision period would be for forty years; however, the circuit court did not discuss the specific terms and conditions for supervised release. West Virginia Code § 62-12-26[3] provided, in part, as follows:

> (c) A defendant sentenced to a period of supervised release shall be subject to any or all of the conditions applicable to a person placed upon probation pursuant to the provisions of section nine, article twelve, chapter sixty-one of this code: *Provided*, That any defendant sentenced to a period of supervised release pursuant to this section shall be required to participate in appropriate offender treatment programs or counseling during the period of supervised release unless the court deems such to no longer be appropriate or necessary and makes express findings in support thereof.
> . . . .
> (f) *Written statement of conditions*. –The court shall direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject and that it is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required.

By amended order entered on May 11, 2006, the circuit court sentenced the petitioner in accordance with the plea agreement, including to a period of forty years of supervised release. The petitioner was provided a notice informing him of the requirement to register as a sex offender, but he was not given a written statement setting forth the terms and conditions of his eventual supervised release. The petitioner did not appeal.

---

[2] Throughout this decision we refer to the 2003 version of West Virginia Code § 62-12-26, which was in effect at the time of the petitioner's sentencing.

[3] *See supra*, n. 2.

Much later, after realizing that the petitioner was about to be released from prison but he had not yet been provided with a copy of the written terms and conditions for his supervised release, the State filed its August 12, 2021, motion in circuit court requesting a hearing to provide the petitioner with this information. At the September 13, 2021, hearing on the State's motion, the petitioner objected to the written terms and conditions of supervised release recently provided to him. The petitioner also asked for a continuance to research and converse with counsel regarding his objections.

After receiving briefs and holding another hearing, the circuit court entered its March 23, 2022, order ruling that the imposition of the terms and conditions of supervised release was not a violation of the constitutional prohibition of ex post facto sentencing. The only remaining issue was the reasonableness of the terms, which the circuit court set for final hearing on April 8, 2022. At the final hearing, the circuit court considered the petitioner's and his counsel's concerns before entering its April 11, 2022, order imposing the specified terms and conditions upon the petitioner's extended supervision. The petitioner, who has since been released from prison and placed on supervised release, appeals these two orders.

For an appeal concerning the terms of supervised release, we review the circuit court's final order for abuse of discretion and its findings of fact for clear error, while we review questions of law and the interpretation of statutes de novo. *See State v. Hedrick*, 236 W. Va. 217, 223, 778 S.E.2d 666, 672 (2015) (reviewing conditions imposed as part of sentence of supervised release); *accord* Syl. Pt. 1, *State v. White*, 249 W. Va. 532, 896 S.E.2d 698 (2023) (applying same standards to modification or revocation of supervised release).

To begin, the petitioner argues that the circuit court's 2022 orders impose "new and additional" conditions upon his supervised release that were "omitted or overlooked" at his sentencing hearing. In the brief filed by his lawyer, he points to provisions entitled "Probation Terms and Conditions of Supervision," "Sex Offender Conditions," "Notification of Firearm Prohibition," "Waiver of Extradition," "Notice and Acknowledgment of Sex Offender Registration," and "Computer Use Conditions and Order of Notification of Supervised Release." However, the petitioner fails to discuss the specifics of any of these provisions. He fails to explain how these terms were somehow unexpected or would be unreasonable for a person on supervised release for the commission of a sex crime and who is also required to register as a sex offender. Furthermore, he does not claim that he would have refused the plea agreement had he known of the specific terms. In fact, although the petitioner complains about the "Probation Terms and Conditions," the statute in effect when he pled guilty directed that a person sentenced to supervised release was subject to "any or all of the conditions applicable to a person placed upon probation[.]" *See* W. Va. Code § 62-12-26(c). Despite his very clear acknowledgement at the plea and sentencing hearings that he would be subject to forty years of supervised release, the petitioner now seems to argue that he should be entirely free from all restrictions during his supervision period. We disagree.

Furthermore, although West Virginia Code § 62-12-26(f) required the circuit court to direct the probation officer to provide the defendant with a written statement setting forth the conditions of supervised release, the statute did not contain a deadline by which this written statement had to be provided to the defendant. The statute only required that the written statement had to be

"sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision[.]" *Id.* Because the petitioner could not serve his supervised release until he was released from prison, and he was provided with the written statement before his release, we cannot perceive how the delay has harmed him.

Next, the petitioner very broadly claims that the terms of supervised release violate his plea agreement and his constitutional rights against ex post facto sentencing and double jeopardy. We find no factual or legal support for any of these assertions. The requirement that the petitioner serve forty years of supervised release pursuant to West Virginia Code § 62-12-26 was clearly part of both the plea agreement and the sentencing order, and the petitioner has not been subjected to a subsequently enacted statute or to being twice prosecuted for the same offense.

Finally, the petitioner contends that provisions in the "Supreme Court of Appeals of West Virginia, Division of Probation Services, Computer Use Conditions" are outdated, overbroad, and unrelated to his underlying crime. He also posits that the computer terms would negatively impact his suitability for employment. However, the petitioner's assertions do not constitute any error on the part of the circuit court, are "skeletal," speculative at best, and unavailing. *See State v. Benny W.*, 242 W. Va. 618, 633, 837 S.E.2d 679, 694 (2019) (a skeletal argument does not preserve a claim). In fact, the petitioner's brief advises that the petitioner was released from imprisonment and has been gainfully employed for some time now. Accordingly, we find the petitioner's assignments of error to be without merit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 31, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn